UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT ALLEN HUME,

             Plaintiff,

       v.

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.,

             Defendant.

CASE NO. 2:25-cv-01501-RSL

ORDER TO SHOW CAUSE

This matter comes before the Court on "Defendant FINRA's Motion to Dismiss Plaintiff Hume's Complaint." Dkt. 10. Plaintiff is a registered financial services and investment adviser operating in the State of Washington. Defendant Financial Industry Regulatory Authority ("FINRA") is a quasi-governmental organization that regulates its member brokerage firms, exchange markets, and financial advisors. Brokerage firms and their representatives must register with FINRA if they intend to recommend and/or sell securities. As part of its duties as a self-regulatory organization, FINRA maintains and operates registration systems and publicly accessible databases regarding its members.

Plaintiff filed this lawsuit in Whatcom County Superior Court seeking an order directing FINRA to expunge from its records and databases information related to a customer complaint filed on or about January 11, 2024. Plaintiff seeks the equitable relief

ORDER TO SHOW CAUSE - 1

of expungement under the court's inherent powers, guided by the considerations set forth in FINRA Rules 2080 and 8312(g). Dkt. 1-2 at ¶¶ 73-89 (First Claim for Relief). He also seeks a declaration under RCW 7.24.010 that references to the customer complaint should be expunged, Dkt. 1-2 at ¶¶ 90-100 (Second Claim for Relief), and a permanent injunction prohibiting FINRA from continuing publishing references to the complaint, Dkt. 1-2 at ¶¶ 101-110 (Third Claim for Relief). FINRA removed the action to federal court on the basis of both federal question and diversity jurisdiction. Dkt. 1.

FINRA filed this motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion raises two main arguments. First, that the Securities Exchange Act of 1934 ("the Exchange Act") does not create a private right of action for expungement or for any alleged violations of FINRA's internal rules. And second, that the remedies plaintiff seeks, namely expungement, declaratory relief, and permanent injunction, are not available absent an underlying viable cause of action.

## DISCUSSION

FINRA's motion to dismiss has been fully briefed and is ripe for a decision. Before addressing defendant's arguments, however, this Court has an obligation to assure itself of its jurisdiction, regardless whether either of the parties has raised the issue. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions: the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

ORDER TO SHOW CAUSE - 2

**A. Federal Question Jurisdiction**

The statute on which FINRA relies for federal question jurisdiction confers on the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Jurisdiction exists under § 1331 if a "federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). In addition, a state law cause of action may "arise under" federal law if federal law is essential to the establishment of the claim, even if plaintiff has artfully pled the causes of action to omit federal law references.

> That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, [the Supreme Court has] held, jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn*, 568 U.S. at 258 (internal quotation marks and citation omitted).

Plaintiff's three causes of action were filed in state court and seek various forms of equitable relief. No federal claims are expressly asserted, and federal jurisdiction is not present on the face of the complaint. In its Notice of Removal, FINRA argues that the Exchange Act provides an integrated and careful design for regulating the securities industry, of which FINRA is a part, and that federal courts have exclusive jurisdiction over

ORDER TO SHOW CAUSE - 3

any claims arising under the Exchange Act. The Exchange Act contains a jurisdictional provision that states, in relevant part:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.

15 U.S.C.A. § 78aa(a) (Section 27(a)). The question, then, is whether plaintiff is seeking to enforce a "duty created by [the Exchange Act] or the rules and regulations thereunder" under the guise of state law labels and language. *Id*.

FINRA is burdened by a number of obligations and duties, including promulgating rules to protect investors and the public, conducting disciplinary proceedings, collecting/maintaining registration information about members, and administratively reviewing disputes regarding the accuracy of reported information. *Godfrey v. FINRA*, No. 16-cv-2776-PSG (PJWx), 2016 WL 4224956, at *2 (C.D. Cal. 2016); FINRA Rule 8312(e). If plaintiff were seeking to enforce any of these duties, the exclusive jurisdiction provision of Section 27(a) would apply. But plaintiff is not seeking administrative review of a dispute regarding the accuracy of his registered information. Instead, he is pursuing a judicial order directing that certain information be expunged, which he can then bring to FINRA pursuant to FINRA Rule 2080(a), which provides:

> Members or associated persons seeking to expunge information from the [Central Registration Depository] system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief.

ORDER TO SHOW CAUSE - 4

Most federal courts (including all of the courts in the Ninth Circuit) that have squarely addressed this issue have found that FINRA has no duties with regards to pursuing or obtaining an order of expungement and that the exclusive jurisdiction provision of Section 27(a) is inapplicable. *See Tuberosa v. FINRA*, No. CV 25-963 (BAH), 2026 WL 25831 (D.D.C. Jan. 5, 2026); *Godfrey*, 2016 WL 4224956; *Flowers v. FINRA*, No. 15-cv-2390-DMS (JMA), 2015 WL 9487450 (S.D. Cal. Dec. 24, 2015); *Doe v. FINRA*, No. 13-6436 DDP ASX, 2013 WL 6092790, at *4 (C.D. Cal. Nov. 19, 2013); *Spalding v. FINRA*, No. 1:12-CV-1181-RWS, 2013 WL 1129396, at *6 (N.D. Ga. Mar. 19, 2013); *In re Lickiss*, No. 11-cv-1986-EMC, 2011 WL 2471022, at *4 (N.D. Cal. June 22, 2011). Cases that have gone the other way generally involve complicated fact patterns where members have been frustrated in their arbitral or administrative efforts to modify their registration information and are attempting to obtain a state court order of expungement as a remedy for FINRA's alleged failure to follow its own rules. *Turbeville v. FINRA*, 874 F.3d 1268 (11th Cir. 2017); *Sum-Slaughter v. FINRA*, 320 A.3d 313 (D.C. App. 2024).

In this case, plaintiff has petitioned the state court for an order of expungement, asserting only state law causes of action. While he suggests that the state court's analysis should be guided by the considerations set forth in FINRA Rules 2080 and/or 8312, the existing record does not support he has neither asserted a federal cause of action nor sought to enforce a duty established by the Exchange Act.

## B. Diversity Jurisdiction

FINRA points out that there is complete diversity of citizenship between the parties and argues that the amount in controversy exceeds $75,000 because plaintiff catalogues the harms arising from FINRA's continued publication of information related to the January 11, 2024, customer complaint. "To support removal based on diversity jurisdiction, [FINRA] has the burden of proving, by a preponderance of the evidence, that the amount

ORDER TO SHOW CAUSE - 5

in controversy exceeds $75,000." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). Plaintiff has not asserted a claim for damages in this litigation, nor has he issued a demand for a monetary settlement. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In this case, the object of the litigation is an expungement order, and FINRA must establish that the value of such an order exceeds $75,000. *See Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976).

Plaintiff alleges that he is suffering substantial, ongoing, and continuous harm to his reputation and business interests from the publication of information related to the January 11, 2024, customer complaint. The fact of injury says nothing about the amount of injury, however. FINRA offers no argument or evidence regarding the scope or value of the harms plaintiff allegedly suffered or suggesting that the requested relief, if granted, would cost it anything. In these circumstances, FINRA's claim that the expungement order has a monetary value in excess of $75,000 is too speculative to satisfy the amount in controversy requirement. *See Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 800-01 (7th Cir. 2003); *Ericsson GE Mobile Communic'ns Inc. v. Motorola Communic'ns & Elecs., Inc.*, 120 F.3d 216, 221-22 (11th Cir. 1997); *Hepburn v. Concord Music Grp., LLC*, No. 2:14-cv-09237-CAS, 2015 WL 2084576 (C.D. Cal. May 4, 2015).

## CONCLUSION

For all of the foregoing reasons, it appears that the Court lacks subject matter jurisdiction over plaintiff's claims. The Court therefore ORDERS as follows:

ORDER TO SHOW CAUSE - 6

1. FINRA's motion to dismiss is taken under advisement until the Court resolves the jurisdictional issue. The Clerk of Court is directed to renote the Motion to Dismiss (Dkt. 10) on the Court's calendar for February 24, 2026;

2. FINRA shall, on or before February 17, 2026, show cause why this matter should not be remanded to Whatcom County Superior Court for lack of subject matter jurisdiction. If, as appears to be the case, FINRA is relying on Section 27(a) of the Exchange Act for its jurisdictional argument, it must identify a specific "liability or duty created by [the Exchange Act] or the rules and regulations thereunder," if any, that plaintiff's complaint seeks to enforce;

3. Plaintiff may file a response on or before February 24, 2026.


DATED this 3rd day of February, 2026.


_MW S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 7